UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DILLON DAVID DONOHOE**,

   Plaintiff,

v.                                                                                        2:21-cv-534-SPC-NPM

**JOSEPH OSINGA**, et al.,

   Defendants.

**OPINION AND ORDER**

Before the court are three motions and a set of discovery requests filed by plaintiff Dillon David Donohoe, a prisoner of the Florida Department of Corrections. The first is a motion to appoint counsel (Doc. 46). Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to request counsel for civil litigants proceeding in forma pauperis when exceptional circumstances warrant. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) ("The appointment of counsel is…a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." (citation omitted)).

In determining whether exceptional circumstances warrant appointment of counsel, the court considers various factors, including (1) the type and complexity

of the case; (2) whether the indigent plaintiff can adequately present his case; (3) whether the indigent plaintiff can adequately investigate the case; and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

There are no extraordinary circumstances here. This is not a complex case. Donohoe sues five prison guards for a use of force that occurred over the course of about eight hours. Incarcerated plaintiffs commonly litigate claims like this pro se, and a review of the record shows that Donohoe can present facts and law to support his claims. Donohoe expresses concern about his ability to investigate the facts of this case, but the record also shows he is participating in discovery. The court thus **denies** Donohoe's request for appointment of counsel (Doc. 46). If this case remains pending after the disposition of any dispositive motions, Donohoe can renew his request.

Donohoe also filed two motions for leave to add failure-to-intervene claims to his second amended complaint against three more correctional officers who personally observed the allegedly excessive use of force. (Docs. 52 and 55). But the events at issue occurred in June 2021, Donohoe initiated this suit more than two years ago, he has already amended his complaint twice, and the discovery deadline expired November 29, 2023. Amending the complaint now to add new claims and

new defendants would cause undue delay, which is contrary to Rule 1 (the rules are to be construed, administered, and employed to "secure the just, speedy, and inexpensive determination of every action"). Thus, the motions for leave to amend and join additional parties (Docs. 52 and 55) are **denied**.

Finally, Donohoe's discovery requests (Doc. 51) are **stricken**. *See* Fed. R. Civ. P. 5(d)(1)(A) (stating that discovery requests and responses "must not be filed until they are used in the proceeding or the court orders filing").

**ORDERED** on December 7, 2023.

*[signature]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE